**Ronald F. PERRAULT, Plaintiff–Appellant,**

v.

**WISCONSIN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

**No. 16–1189**

United States Court of Appeals, Seventh Circuit.

Submitted September 22, 2016 *

Decided September 22, 2016

Ronald F. Perrault, Pro Se.

Before MICHAEL S. KANNE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DIANE S. SYKES, Circuit Judge

### ORDER

Ronald Perrault, a Wisconsin prisoner, appeals from the dismissal of his complaint alleging that employees of the state courts and the Department of Corrections should be liable under 42 U.S.C. § 1983 for overlooking a sentencing mistake that caused him to serve several months in prison after his sentence should have expired. The district court concluded that Perrault's allegations fail to state a claim. We agree with that conclusion and affirm the dismissal.

---

* The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Perrault pleaded no contest to intentionally failing to pay child support and was sentenced to a total of 5 years' imprisonment followed by 5 years' extended supervision. *See* WIS. STAT. §§ 948.22, 939.62(1)(b) (1999–2000). Perrault completed his prison term, but 9 years after he was sentenced he tested positive for drug use and was reimprisoned by order of the Department of Corrections. Three months later a prison registrar wrote the sentencing judge, the prosecutor, Perrault, and Perrault's public defender seeking clarification about the revoked term of extended supervision, which, the registrar believed, should have been capped by statute at a maximum of 3 years. *See id.* § 973.01(b), (c) (1999–2000); *State v. Volk*, 258 Wis.2d 584, 654 N.W.2d 24, 33 (Wis. Ct. App. 2002). The sentencing court agreed that a mistake had been made and on Perrault's motion reduced the term of extended supervision to 3 years. The Department of Corrections then vacated its order revoking Perrault's term of supervision and released him to another county where unrelated charges were pending.

In his complaint Perrault alleges that he served an extra 237 days in prison and 395 days of supervision because employees of the state courts and Department of Corrections overlooked the sentencing error. In Perrault's view the defendants knew that errors could lead to an impermissibly long term of confinement or supervision and had a responsibility to check the accuracy of the sentence pronounced by the state judge. Because the defendants did not catch the mistake, Perrault says, they violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. He seeks damages and an apology. (Perrault's complaint also includes other claims against these defendants and his public defender, but the additional claims have been abandoned.) At screening, *see* 28 U.S.C. § 1915A, the district court construed Perrault's complaint as raising a claim under the Eighth Amendment and dismissed the action for failure to state a claim.

This appeal is frivolous. An inmate will have a claim under the Eighth Amendment if, because of the deliberate indifference of prison administrators, he is confined longer than authorized by the sentencing court (the Eighth Amendment governs in this context, so Perrault's attempt to cast his allegations into a second claim under the Due Process Clause was ineffective). *See Childress v. Walker*, 787 F.3d 433, 438–39 (7th Cir. 2015); *Burke v. Johnston*, 452 F.3d 665, 667, 669 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). But as the district court recognized, Perrault alleges that the defendants *complied* with the unambiguous terms of the sentence, not that the defendants ignored or otherwise failed to properly execute the judgment of the sentencing court. At most Perrault implies that the defendants were negligent in not recognizing that the judge who sentenced him made an error of law, but even if Wisconsin law imposed a duty on any of these defendants to question the judgment, negligent conduct does not violate the Constitution. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014).

Perrault incurred one strike for filing his lawsuit in the district court and a second strike for pursuing this frivolous appeal. *See* 28 U.S.C. § 1915(g).

AFFIRMED.